UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-23009-CIV-MARTINEZ

CATERPILLAR CRÉDITO, S.A. DE
S.V., SOCIEDAD FINANCERA DE
OBJECTO MULTIPLE, E.R.,

    Plaintiff,

v.

VENEQUIP MACHINERY SALES
CORPORATION,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS**

**THIS CAUSE** is before this Court on Defendant Venequip Machinery Sales Corporation's Motion to Dismiss ("Motion"). (ECF No. 17.) Plaintiff has filed a response to the Motion, (ECF No. 22), to which Defendant has replied, (ECF No. 25.) After careful consideration of the Complaint, relevant briefing, and being otherwise advised in the premises, the Court **GRANTS** the Motion.

**I.**     **BACKGROUND**

This case concerns a breach of contract action in connection with a loan agreement between Plaintiff Caterpillar Crédito, S.A. de S.V., Sociedad Financera de Objecto Multiple, E.R., a Mexican company, Defendant Venequip Machinery Sales Corporation, a Florida Company, and Defendant's co-guarantors, VMSC Curacao, Venequip S.A., and Solidus Investments Corporation (formerly Venequip, S.A. Ltd.), related entities all of which are part of the Venequip Group. (Compl., ¶¶4–8, ECF No. 1., Mot. at 5–6, ECF No. 17.) Plaintiff extends credit to various select Caterpillar customers and dealers to, among other things, finance the purchase of Caterpillar

equipment. (*Id.* ¶ 13.) Plaintiff and the Venequip Group executed a loan agreement in approximately May 2007 that was amended several times between 2007 and 2015, in which Plaintiff agreed to issue a $110 Million loan with a fixed annual interest rate of 8.4% on the principal and a default interest rate of 17.4%. (*Id.* ¶¶ 15–18.) Plaintiff alleges Defendant and the remaining entities in the Venequip Group defaulted on the loan and owe an amount in excess of $120 Million. (*Id.* ¶¶ 30–34.)

In connection with the 2015 loan agreement, the parties enacted a corporate guarantee ("CG") to secure payment on present and future obligations arising from the original 2015 loan agreement, which contained the following forum selection clause:

> Each party hereby irrevocably and unconditionally submits to the jurisdiction of the respective courts of Mexico, Federal District, United Mexican States or Monterrey, State of Nuevo Leon, United Mexican States, or to the Jurisdiction of the competent courts of the domicile of each Guarantor or of Borrow, in relation to any action or proceeding arising from or related to this Guarantee. Each party hereby waives the jurisdiction of any other applicable court based on its present or future domicile for any other reason.

(Ex. B at 5–6, ECF No. 1-4.)

Plaintiff filed this action in this Court on September 20, 2022. (*See generally* Compl.) Defendant now moves to dismiss on several grounds including, forum non-conveniens, arguing that this case should be dismissed and refiled in Curacao where there is a parallel case based on the same loan agreement currently pending, that the Corporate Guarantee is not a valid and enforceable contract, or under the doctrine of international abstention. (*See generally* Mot., ECF No. 17.) Because this case is due to be dismissed on forum non-conveniens grounds, this Court declines to address the remaining arguments.

II. **LEGAL STANDARD & APPLICABLE LAW**

"The doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and

private interests, indicate that the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009). When dismissing for *forum non conveniens* this Court considers "the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (internal quotation marks omitted) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)). "This tool 'is to be favored' for ensuring that federal courts only hear 'those cases where contacts with the American forum predominate.'" *Villeda Aldana v. Fresh Del Monte Produce, Inc.*, No. 01-3399-CIV, 2007 U.S. Dist. LEXIS 77020, at *10 (S.D. Fla. Oct. 16, 2007) (quoting *Sigalas v. Lido Mar., Inc.*, 776 F.2d 1512, 1519 n.10 (11th Cir. 1985)).

"A motion to dismiss based on *forum non conveniens* is evaluated by the Court as a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3)." *Bello v. Caterpillar Inc.*, No. 17-22326-CIV, 2017 U.S. Dist. LEXIS 176865, at *10 (S.D. Fla. Oct. 23, 2017) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). On a Rule 12(b)(3) motion, this Court "may consider matters outside the pleadings, particularly when the motion is predicated upon key issues of fact," *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000) (citation omitted), but "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff," *Wai*, 315 F. Supp. 2d at 1268 (citations omitted).

Defendant "bears the burden of persuasion on all elements of the *forum non conveniens* analysis." *Bello*, 2017 U.S. Dist. LEXIS 176865, at *10 (citing Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3828.2 (4th ed. 2014)). To obtain dismissal on the ground of *forum non conveniens*, a defendant must demonstrate: (1) an adequate alternative forum is available; (2) public and private factors weigh in favor of dismissal; and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience and prejudice. *Leon v.*

3

*Millon Air*, 251 F.3d 1305, 1310–11 (11th Cir. 2001); *see also Pierre-Louis*, 584 F.3d at 1056 (quoting *Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1356–57 (11th Cir. 2008) (internal quotation marks and citations omitted)).

Generally, a plaintiff's choice of forum is entitled to deference, and so the defendant "invoking forum non conveniens 'bears a heavy burden in opposing the plaintiff's chosen forum.'" *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (quoting *Sinochem*, 549 U.S. at 430). "[T]he presumption in favor of the plaintiff['s] choice of forum . . . is to be applied specifically when weighing the private interests." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1102 (11th Cir. 2004) (alterations added; citation omitted).

## III. DISCUSSION

### A. The Forum Selection Clause is Permissive

This Court will first address the parties' forum selection clause. Forum selection clauses can be either permissive or mandatory. *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004); *Fla. Polk Cnty. v. Prison Health Servs.*, 170 F.3d 1081, 1084 n.8 (11th Cir. 1999) ("[W]e have analyzed these clauses under a 'mandatory/permissive' test, enforcing only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract."). "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere" whereas a "mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.4 (11th Cir. 1999)); *see also Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985) (articulating a distinction between "mere 'consent to jurisdiction' clauses and 'mandatory' clauses"). Courts typically "require quite specific language before concluding that a forum selection clause is mandatory[] such that it dictates an exclusive forum for

litigation under the contract." *Snapper*, 171 F.3d at 1262 n.24. "The law requires that the parties do more than just consent to jurisdiction in a particular forum without waiving jurisdiction in other forums." *Wai*, 315 F. Supp. 2d at 1272. While there are "no magic words" that render a forum-selection clause mandatory, *SC Pro Tv SA v. Glob. Connect Network, Inc.*, No. 1:22-CV-4841, 2023 U.S. Dist. LEXIS 145905, at *9 (N.D. Ga. Aug. 21, 2023), there must be language of exclusivity, *Wai*, 315 F. Supp. 2d 1261, 1272 (finding forum selection clause permissive where parties agreed to "submit [to] the jurisdiction of the Courts of Singapore" because "jurisdiction elsewhere is not waived."). "[U]se of the words 'will' or 'shall' alone does not necessarily transform a permissive forum-selection clause into a mandatory one." *SC Pro Tv SA*, 2023 U.S. Dist. LEXIS 145905, at *11 (interpreting "disputes will be referred to the Romanian courts" as permissive).

"[I]f the clause makes clear that jurisdiction can only be in one place, then it must be construed as mandatory." *Pelican Ventures, LLC v. Azimut S.p.A.*, No. 03-62119-CIV, 2004 U.S. Dist. LEXIS 26764, at *7 (S.D. Fla. July 28, 2004); *see, e.g., Emerald Grande, Inc. v. Junkin*, 334 Fed. App'x 973, 976 (11th Cir. 2009) (finding "the [Okaloosa Courts] will be the venue for any dispute, proceeding, suit or legal action" was mandatory). When a clause is mandatory, courts "must deem all the private-interest factors to weigh entirely in favor of the preselected forum." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013)). It follows that, "[a]s a consequence, a district court may consider arguments about public-interest factors only [and] [b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine Const. Co.*, 571 U.S. at 64.

Plaintiff argues that because the parties agreed to a forum selection clause (the "FSC"), Plaintiff's choice of forum controls and prohibits dismissal on forum non conveniens grounds.

Specifically, Plaintiff points out that when parties have agreed to litigate in a particular forum, courts must weigh all private factors in favor of the selected forum, typically preventing dismissal. (Resp. at 6, ECF No. 22.) Defendant argues that only mandatory forum selection clauses command such a result, and the FSC is permissive. This Court agrees. Here, the fact that the FSC allows for five separate forums indicates the FSC is permissive. To be sure, there is no exclusive language that allows for jurisdiction in only one place. *See Pelican Ventures, LLC*, 2004 U.S. Dist. LEXIS 26764, at *8 (noting courts in this circuit interpret forum selection clauses as permissive where there is "ambiguity or other consideration that undermines the claim that *venue could only be in one place*") (emphasis added). Indeed, allowing venue in five jurisdictions undercuts any notion of exclusivity.

The FSC is not mandatory merely because it uses language that the parties agreed to "irrevocably and unconditionally submit[]" to five particular jurisdictions. *See First State Bank of Nw. Arkansas v. Georgia 4-S Investments LLP*, 418 F. App'x 838, 839 (11th Cir. 2011) (interpreting "the courts of the State of Georgia shall have jurisdiction" as permissive because this language does not require that all litigation under the clause occur there exclusively); *Citro Florida, Inc. v. Citrovale*, 760 F.2d 1231 (11th Cir. 1985) (clause which read "all disputes arising from or connected with this agreement . . . shall fall within the jurisdiction of the competent judge of 47023 Ronta Cesena, Italy," was permissive because the clause "did not provide that the Italian court shall have 'exclusive jurisdiction'".)

The last sentence of the FSC, which states "Each party hereby waives the jurisdiction of any other applicable court based on its present or future domicile for any other reason," does not change the analysis. This language does not create exclusivity in a single forum. The FSC remains permissive as to any of the listed venues. Additionally, nothing in the FSC suggests that Plaintiff's choice of forum is final. Indeed, Plaintiff likewise consented to jurisdiction in Curacao. In other

words, there is no language in the FSC that indicates Plaintiff's initial choice as to one of the listed forums then renders the FSC mandatory as to that single forum, to the exclusion of the others.

Moreover, Plaintiff's choice of forum, under these circumstances, is not entitled to special deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) (a foreign plaintiff is afforded substantially less deference in its choice of forum); *see also Leon*, 251 F.3d at 1315 (giving less deference to a plaintiff's forum choice where a plaintiff is a "foreigner litigating far from home" (citation omitted)); *Kitaru Innovations Inc. v. Chandaria*, 698 F. Supp. 2d 386, 394 (S.D.N.Y. 2010) ("In light of Kitaru's foreign citizenship and the lack of bona fide connections between this lawsuit and this district, Kitaru's choice of forum is entitled to only minimal weight.").

Therefore, this Court finds that the FSC is permissive and will weigh the private interest factors accordingly.

### B. Availability and Adequacy of the Courts of Curacao

The defendant "bears the burden of demonstrating" a forum is both available and adequate. *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009) (per curiam). An available and adequate forum is one in which the court "can assert jurisdiction over the litigation (availability), cognizant that only in rare circumstances will the remedy offered by the other forum be clearly unsatisfactory (adequacy)." *Karl v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 13-24051-CIV, 2014 U.S. Dist. LEXIS 188840, at *6 (S.D. Fla. Feb. 21, 2014) (citing *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009)). "Availability and adequacy warrant separate consideration." *Leon*, 251 F.3d at 1311 (citing *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283–84 (11th Cir. 2001)). The "[s]uitability of the alternative forum is not a 'high hurdle." *Lugones v. Sandals Resorts, Inc.*, 875 F. Supp. 821, 824 (S.D. Fla. 1995) (internal quotations omitted).

A forum is generally considered available if defendants are "amenable to process in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 255 n.22 (internal quotation marks and citation omitted). The alternative forum must "possess [] jurisdiction over the whole case, including all of the parties." *Wilson*, 590 F.3d at 1269 (alteration added; citation omitted).

Here, this prong is satisfied because Defendant consents to jurisdiction in Curacao and is amenable to process there. (*See* Mot. at 6–7, D'Onghia Decl. ¶ 17); *King*, 562 F.3d at 1382 (finding Italy to be an "available" forum because the defendant was willing to submit to jurisdiction and amenable to process); *Kolawole v. Sellers*, 863 F.3d 1361, 1369 (11th Cir. 2017) (holding a Nigerian court is an available alternative forum because defendant consented to jurisdiction, accepted service of process, and waived applicable statutes of limitations defenses). In fact, both parties stipulated that Curacao is an appropriate forum.

A forum is adequate if it provides the potential for "redress of plaintiffs' injuries." *King*, 562 F.3d at 1382 (citing *Piper*, 454 U.S. at 255 n.22). It is not necessary for the alternative forum to be "a perfect forum" in order for it to provide a remedy for the plaintiff. *Satz*, 244 F.3d at 1283. Further, the plaintiff must offer evidence of "partiality or delay . . . typically associated with the adjudication of similar claims" in the alternative forum before the defendant bears the "ultimate burden of persuasion" to prove the forum's availability. *Leon*, 251 F.3d at 1311–12 (emphasis and alterations added; citation omitted). An alternative forum is "presumed" adequate unless the plaintiff makes some showing to the contrary. *Id.* at 1312. "An adequate forum need not be a perfect forum," but it must provide a satisfactory remedy. *Satz*, 244 F.3d at 1283; *see also Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 384 (5th Cir. 2004) ("Mere differences in the foreign forum's law do not automatically render a foreign forum inadequate, so long as the plaintiff is not deprived of all remedies, or is not limited to a clearly unsatisfactory remedy."). "The substantive law of the foreign forum does not need to be as

favorable to the plaintiff as the law of the plaintiff's chosen forum." *Maxima Internacional, S.A. v. Interocean Lines, Inc.*, No. 16-CV-21233, 2017 U.S. Dist. LEXIS 9889, at *6 (S.D. Fla. Jan. 24, 2017) (citing *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. App'x 860, 865 (11th Cir. 2007)). "Rather, the plaintiff need only have an opportunity to obtain some relief." *Maxima Internacional, S.A.*, 2017 U.S. Dist. LEXIS 9889, at *6.

Plaintiff conceded the adequacy of the Curacaoan court by filing suit against Defendant's co-guarantors, VMSC Curacao, Venequip S.A., and Solidus Investments Corporation (formerly Venequip, S.A. Ltd.), related entities all of which are part of the Venequip Group, in Curacao based on the same facts, claims, relief, and loan agreement. (*See* Compl. ¶¶4–8; Mot. at 5–6). As such, this Court finds that Plaintiff initiated a parallel suit in Curacao. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992) ("[T]he requirement is of parallel suits, not identical suits."); *Kitaru Innovations Inc.*, 698 F. Supp. 2d at 395 (determining "[t]he progress of the Canadian Action also plainly indicates that Canadian courts permit litigation of the subject matter of the dispute" and Canada was an adequate forum where lawsuit filed in Canada dealt with the same patent) (internal quotations omitted); *CRC Info. Sys. v. Quebecor World (USA), Inc.*, No. CIV 03-0591, 2003 U.S. Dist. LEXIS 29131, at *9 (D. Ariz. July 16, 2003) (rejecting Plaintiff's argument that the two actions were not parallel because they involve different parties and issues where defendant was an independent subsidiary of the defendant in the prior action, both of whom shared a common interest in the interpretation of the same license agreement at issue in both cases.). Moreover, Plaintiff explicitly agreed to jurisdiction in Curacao. Thus, this Court has no reason to believe Plaintiff cannot obtain relief in Curacao.

### C. Private and Public Factors

#### 1. *The private interest factors weigh in favor of dismissal*

This Court first addresses the balance of private interest factors. Generally, in considering all relevant factors of private interest, the Court "weigh[s] in the balance a strong presumption against disturbing the plaintiff's initial forum choice." *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983) (alteration added) (quoting *Pain v. United Techs. Corp.*, 637 F.2d 775, 784–85 (D.C. Cir. 1980)). "A foreign plaintiff's choice of forum, however, is a weaker presumption that receives less deference . . . we can presume a foreign plaintiff does not choose to litigate in the United States for convenience." *King*, 562 F.3d at 1382–83 (citations omitted); *see also Kolawole*, 863 F.3d at 1371–72 (finding the district court properly afforded foreign plaintiffs less deference than domestic plaintiffs). Because Plaintiff is a Mexican company, residing in Mexico, "there is not as strong a presumption against disturbing [its] initial forum choice." *See Bello v. Caterpillar Inc.*, No. 17-22326-CIV, 2017 U.S. Dist. LEXIS 176865, at *16 (S.D. Fla. Oct. 23, 2017) (holding Venezuelan plaintiff was not entitled to strong presumption in his initial choice of forum).

Private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the costs of obtaining the attendance of willing witnesses; (4) the ability to view the premises; (5) the enforceability of a judgment; and (6) any other practical problems making trial easy and expeditious, and the enforceability of any judgment obtained." *Bello*, 2017 U.S. Dist. LEXIS 176865, at *16–17 (first citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947) and then citing *King*, 562 F.3d at 1383–84)).

First, the parallel and concurrent Curacao litigation weighs in favor of dismissal. *See Nygård v. DiPaolo*, 753 F. App'x 716, 726 (11th Cir. 2018) ("[C]oncurrent litigation can be a

practical problem that is properly considered when balancing the private interest factors."); *see, e.g.*, *King*, 562 F.3d at 1384 (affirming district court's finding "that some Plaintiffs have already litigated and continue to litigate a similar suit in Italy" weighed in favor of dismissal); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 424 (2007) (describing the case as "a textbook case for immediate forum non conveniens dismissal," where litigation was already pending in China). "If this case is allowed to proceed in [Curacao], Defendants can attempt to consolidate these matters, saving time and resources for both parties." *See Nygård*, 753 F. App'x at 726 (noting "[s]uch a consideration conforms to the overarching purpose of the forum non conveniens doctrine."). Moreover, the Curacao court will need to address the enforceability of the same loan agreement, dealing with the same facts, claims, and requested relief, which creates the possibility of inconsistent results—yet another factor pointing to dismissal. *See Id.* at 726–27.

Additionally, as Defendant points out, because this matter deals with the same facts, claims, and relief, the evidence and witnesses, most of which will be the same in both cases, currently reside in Curacao, with minimal evidence if any located in Miami, Florida. (Mot. at 8.) Specifically, Defendant's servers, computers, hard copy files, most of Defendant's witnesses, and evidence of the agreement that remains in the hands of non-parties, are all located in Curacao. (*Id.*) This Court must "consider the necessary evidence required to prove and disprove each element" and "make a reasoned assessment as to the likely location of such proof." *Warter v. Bos. Sec., S.A.*, 380 F. Supp. 2d 1299, 1311 (S.D. Fla. 2004). It follows that the location of exhibits and evidence in this case—due to the ongoing nature of the concurrent litigation in Curacao—further tips the scale toward dismissal. *See Wylie v. Island Hotel Co.*, 774 F. App'x 574, 579 (11th Cir. 2019) (affirming district court's conclusion "that the private factors weighed in favor of dismissal," among other reasons, because "nearly all of the relevant evidence is located in The Bahamas, and a number of witnesses reside in The Bahamas."); *Villeda Aldana v. Del Monte Fresh Produce*

11

*N.A., Inc.*, 578 F.3d 1283, 1293–94 (11th Cir. 2009) (affirming dismissal for forum non conveniens where most of the evidence and witnesses were in Guatemala).

Finally, the Curacao proceeding has progressed further than the instant matter, likely resulting in the rehashing of evidence and testimony already presented in Curacao. This also supports dismissal and consolidation of these actions. *See St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, No. 19-22278-CIV, 2020 U.S. Dist. LEXIS 33457, at *47 (S.D. Fla. Feb. 27, 2020) (weighing in favor of dismissal the fact that plaintiff has already introduced allegations in the Curacao litigation because "efficiency would dictate these allegations should be addressed where they were first introduced.")

### 2. *The public interest factors wight in favor of dismissal*

This Court next addresses whether the public interest factors tip the scale toward trial in Curacao. "Public interest considerations include factors such as (1) the forum's interest in entertaining the suit; (2) court congestion and jury duty generated by the lawsuit; (3) the desirability of having localized controversies decided at home; and (4) the difficulty in determining applicable law and applying foreign law." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1061 (11th Cir. 2009). "These factors are not exhaustive, and courts are free to be flexible in responding to cases as they are presented." *Bello*, 2017 U.S. Dist. LEXIS 176865, at *19 (citing *King*, 562 F.3d at 1381–82).

"Here, because the Southern District of Florida is among the busiest district courts in the country . . . [this] Court has a strong interest in only adjudicating disputes to which the community has substantial ties." *Bello*, 2017 U.S. Dist. LEXIS 176865, at *19. "Consequently, [this] Court looks closely at whether this litigation has sufficient ties to Florida for both purposes of determining whether the case is an administrative burden as well as whether it is an undue burden for a South Florida jury." *Id.*

Plaintiff's only argument that this case has ties to Florida is that Defendant is a Florida corporation. (Resp. at 7.) This is not persuasive. Plaintiff is a Mexican corporation and Defendant is related to several foreign co-guarantors involved in a loan agreement executed in Curacao. Defendant the only party to the loan agreement at issue that has any connection to Florida. Furthermore, the loan agreement is governed by Curacaoan law, (Compl., Composite Ex. F, ECF No. 1-8 at 17.), and the dispute is governed by Mexican law. The Curacaoan court is already applying Mexican law in the ongoing concurrent action. Defendant's domicile alone is not enough to tip the scale.

Therefore, this Court finds that the private and public interest factors weigh in favor of dismissal.

### D. Ability to Reinstate the Suit in the Alternative Forum

"The final consideration in a traditional forum non conveniens analysis is whether Plaintiff can reinstate his claim in the alternative forum without undue inconvenience or prejudice." *Bello*, 2017 U.S. Dist. LEXIS 176865, at *22. "Conditions ensuring a suit can be reinstated in a different forum without undue inconvenience or prejudice 'should include [the] [d]efendant's waiver of any defenses related to the statutes of limitation, venue,[] or jurisdiction' in the alternative forum.'" *Id.* (quoting *Barilotti v. Island Hotel Co. Ltd.*, No. 13-23672-CIV, 2014 U.S. Dist. LEXIS 62455, at *31 (S.D. Fla. May 6, 2014).

As previously stated, both parties agreed to litigate in Curacao under the FSC. Plaintiff is already litigating a parallel case based on the same loan agreement, claims, and facts in Curacao. Thus, there is nothing to suggest this case cannot be consolidated with the ongoing case in Curacao.

In sum, this Court finds that Curacao is an adequate and available forum for Plaintiff to bring its claims against Defendant, the private and public interest factors weigh in favor of dismissal, and Plaintiff will be able to reinstate its suit in the alternative forum, where it is already

litigating these same issues against related entities involved in the same agreement, without undue inconvenience or prejudice.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, (ECF No. 17), is **GRANTED**. The Complaint is **DISMISSED**.

2. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 29 day of August, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All counsel of record